## HIGHSMITH
### v.
## SOUTHWESTERN MEDICAL FOUNDATION.
### Civ. 5416.

United States District Court,
N. D. Texas, Dallas Division.

Dec. 22, 1953.

Edward C. Fritz and Edward J. Dees, Dallas, Tex., for plaintiff.

Harold B. Sanders, Dallas, Tex., for defendant.

ATWELL, Chief Judge.

The plaintiff seeks to restrain the defendant from transferring .32 of an acre of land which had been condemned by the United States, under the authority of Congress.

The plaintiff claims that the land was so condemned and paid for, upon a valuation and proceeding had in this court, wherein a jury fixed the plaintiff's recovery at $8,000, for which he paid $387. That the taking by the United States of the .32 of an acre, plus 18 acres adjoining it, owned by others, was for the purpose of constructing a Veterans' hospital thereon.

The facts developed in the testimony, following a show cause issued by the court to the defendant, to show cause why it should not be enjoined from transferring the land, show that at the time the land was taken from the plaintiff in 1944 there was a statute which gave the citizen the right to re-purchase upon certain contingencies. That statute was repealed in 1949, but gave the original owners up to the end of 1949 to re-purchase. That attempt to re-purchase by the plaintiff, was not made until August, 1953, and the offer to re-purchase was declined by the Federal Health and Educational Bureau. That Bureau has now made a sale and is about to convey the land to the defendant, and this suit is an attempt to prevent such conveyance.

It will be noticed that the defendant is the present beneficiary of the land, according to the allegations, but that is only in prospect and not in actuality. The United States is the owner of the

title. The Bureau which is handling it is not a party, and if it were that would not divest the United States of its ownership, nor authorize its restraint, nor a suit against it.

The Housing Administration has not yet conveyed to the defendant. The property has been zoned by the city for residences. The plaintiff wishes to erect a filling station or a liquor store on it. The tract is adjacent to 18 acres to be used for the hospital.

The plaintiff has no right whatever in the land, nor to re-purchase it.

Such cases as United States v. Hoy, 330 U.S. 724, at page 730, 67 S.Ct. 1004, at page 1008, 91 L.Ed. 1204; State of Minnesota v. Hitchcock, 185 U.S. 373, 22 S.Ct. 650, 46 L.Ed. 954; Seiden v. Larson, 88 U.S.App.D.C. 258, 188 F.2d 661, and Sagastivelza v. Puerto Rico Housing Authority, 1 Cir., 195 F.2d 289, are somewhat helpful to us, even if we needed assistance. The statute which gave the right of re-purchase was repealed, such repeal to become effective at a certain date, and no re-purchase was attempted during that period. The plaintiff had his day in court, which found the original condemnation and vested title in the United States, after a verdict by a jury fixing the amount at $8,000 plus, which the plaintiff took, and the property became the property of the United States for the purposes indicated in the taking.

The plaintiff has no right at law or equity.

Restraint is refused.